# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

———————————————————————————————————————————————

MAURICE HARROLD,
On behalf of himself and
all others similarly situated,

        Plaintiff,

vs.                               CIVIL ACTION NO. 22CV953

CORNERSTONE COMPOSITES, INC.

        Defendant.

———————————————————————————————————————————————

## DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES
———————————————————————————————————————————————

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Maurice Harrold, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Cornerstone Composites Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL") against it for purposes of obtaining relief. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA

or WWPCL in any way, denies that it owes Plaintiff or the individuals he purports to represent any unpaid wages or other damages, and denies that the individuals he seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies each and every other allegation contained in paragraph 1 of the Complaint.

2.          Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA and WWPCL; and (2) simply failing to compensate said employees for all hours worked and work performed each workweek at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge, in violation of the FLSA and WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 2 of the Complaint.

3.          Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4.          This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**ANSWER:** Paragraph 4 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's federal law claims.

5.       This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Paragraph 5 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant does not contest that this Court has supplemental jurisdiction over Plaintiff's state law claims.

6.       Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

**ANSWER:** Paragraph 6 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant does not contest that this district is an appropriate venue for Plaintiff's claims.

## PARTIES

7.       Plaintiff, Maurice Harrold, is an adult male resident of the State of Wisconsin residing at 732 West Messmer Street, Milwaukee, Wisconsin 53209.

**ANSWER:** Defendant admits Plaintiff is an adult male, but lacks knowledge or information sufficient to form a belief as to whether he resides in the State of Wisconsin and/or at the address alleged in paragraph 7 of the Complaint and therefore denies same.

8.      Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**ANSWER**: Defendant admits that a Notice of Consent to Join was filed with the Complaint, but lacks knowledge or information sufficient to form a belief as to whether it was signed by Plaintiff and therefore denies same. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action.

9.      Defendant, Cornerstone Composites Inc., is an entity doing business in the State of Wisconsin with a principal office address of 900 East Vienna Avenue, Milwaukee, Wisconsin 53212.

**ANSWER**: Defendant admits the allegations in paragraph 9 of the Complaint.

10.      Defendant is a plastics fabrication company.

**ANSWER**: Defendant admits the allegations in paragraph 10 of the Complaint.

11.      For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER**: Paragraph 11 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed Plaintiff pursuant to the FLSA.

12.      For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER**: Paragraph 12 of the Complaint states a legal conclusion to which a response is

not required. To the extent a response is required, Defendant admits it employed Plaintiff pursuant to the WWPCL.

13. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce" as that term is defined under the FLSA.

**ANSWER:** Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it and/or its employees were engaged in commerce during the preceding three years.

14. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Operator at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees at Defendant's Milwaukee, Wisconsin location.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff, that he was employed for the full duration of the preceding three years, or that he worked alongside each and every one of Defendant's hourly-paid, non-exempt employees during his employment, Defendant admits it has employed him on an hourly basis as an operator since approximately May 11, 2021, at its Milwaukee, Wisconsin location. Defendant affirmatively asserts that Plaintiff commenced a medical leave of absence on approximately June 2, 2022, which continues to this day.

15. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and or were employed by Defendant at all of its physical locations or facilities in the State of Wisconsin within the three (3)

years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices enumerated herein.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits that Plaintiff purports to bring this action on behalf of himself and others for purposes of obtaining relief. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

**ANSWER:** Defendant admits it has employed more than two (2) individuals during the preceding three years.

17. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

**ANSWER:** Defendant admits it has had an annual dollar volume of business in excess of

$500,000 during the preceding three years.

18.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it employed individuals, including Plaintiff, during the preceding three years, but denies it subjected each of its employees to each employment action alleged in paragraph 18 of the Complaint.

19.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**ANSWER:** Because the phrase "day-to-day activities" is vague and undefined, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations related to that phrase and therefore denies same. Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it generally directs its employees' work activities during their employment.

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it reviewed the performance of its employees, including Plaintiff, during their employment.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it scheduled its employees, including Plaintiff, to work during their employment.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

**ANSWER:** Without admitting any liability or wrongdoing toward Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits its employees were subject to policies, practices, and procedures during their employment.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-

exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**ANSWER:** Without admitting any liability or wrongdoing toward Plaintiffs or the individuals they purport to represent, that their claims are appropriate for class or collective treatment, that they were employed for the full duration of the preceding three years, or that it owes them unpaid wages or other damages, Defendant admits it provides resources and responses to its employees' inquiries during their employment.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**ANSWER:** Because the phrase "terms and conditions of ... employment" is vague and undefined, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations related to that phrase and therefore denies same.

### GENERAL ALLEGATIONS

25. In approximately May 2021, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Operator working at Defendant's director, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Milwaukee, Wisconsin location.

**ANSWER:** Defendant admits the allegations in paragraph 25 of the Complaint.

26. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

**ANSWER:** Defendant admits the allegations in paragraph 26 of the Complaint.

27. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for the purposes of the FLSA and WWPCL.

**ANSWER:** Paragraph 27 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits the allegations in paragraph 27 of the Complaint.

28.     Plaintiff last performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in approximately June 2022.

**ANSWER:** Defendant admits the allegations in paragraph 28 of the Complaint.

29.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Milwaukee, Wisconsin location.

**ANSWER:** Defendant admits Plaintiff worked with other employees at Defendant's Milwaukee, Wisconsin location, but denies he worked every day during his employment.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**ANSWER:** Because the term "regularly" is vague and undefined, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations related to that term and therefore denies same. Defendant specifically denies that Plaintiff and every individual he purports to represent worked in excess of forty (40) hours in each of their workweeks, or were employed for the full duration of the preceding three years.

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant admits it knew some of its hourly-paid, non-exempt employees, including Plaintiff, worked in excess of forty (40) hours in one or more workweeks during their employment, and that it paid them at a proper rate for such work, but specifically denies that Plaintiff and every individual he purports to represent worked in excess of forty (40) hours in each of their workweeks, or were employed for the full duration of the preceding three years.

32.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a weekly basis via check.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff, or that his claims are appropriate for class or collective treatment, or that he or the individuals he purports to represent were employed for the full duration of the preceding three years, Defendant admits that it paid its hourly employees, including Plaintiff, by direct deposit on a weekly basis.

33.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**ANSWER:** Paragraph 33 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits the allegations in paragraph 33 of the Complaint.

34.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

**ANSWER:** Without any liability or wrongdoing towards Plaintiff, or that his claims are appropriate for class or collective treatment, or that he or the individuals he purports to represent were employed for the full duration of the preceding three years, Defendant admits its hourly-

paid, non-exempt employees are not represented by a union.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 35 of the Complaint.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they worked each day of their employment or were employed for the full duration of the preceding three years, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, were subject to Defendant's pay and timekeeping policies and practices during their employment, which were subject to change.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER:** Defendant denies the allegations in paragraph 37 of the Complaint and affirmatively asserts that its hourly-paid, non-exempt employees, including Plaintiff, were

required to track and record their own hours actually worked each workweek during their employment.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, that they worked each day of their employment or were employed for the full duration of the preceding three years, or that they used the electronic system each day they did work during their employment, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, used an electronic tracking system during their employment, but denies it was used to determine hours actually worked.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, that they worked each day of their employment or were employed for the full duration of the preceding three years, or that they used the electronic system each day they did work during their employment, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, used an electronic tracking system during their employment, but denies it was used to determine hours actually worked.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Without admitting any liability or wrongdoing toward Plaintiff or the individuals he purport to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it maintains records regarding its employees.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations in paragraph 41 of the Complaint.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

**ANSWER:** Without admitting any liability or wrongdoing toward Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits it has utilized a system for compensating its hourly-paid, non-exempt employees for all hours they actually worked each week during their employment.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

**ANSWER:** Defendant denies all of its hourly-paid, non-exempt employees, including Plaintiff, clocked in and clocked out each day they worked during their employment, worked each day they were employed, or were employed for the full duration of the preceding three years.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

**ANSWER:** Without admitting any liability or wrongdoing toward Plaintiffs or the individuals they purport to represent, that their claims are appropriate for class or collective treatment, or that they worked each day of their employment or were employed for the full duration of the preceding three years, Defendant admits there is a record of the clock in and clock out events created by its hourly-paid, non-exempt employees during the preceding three years.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each workday an each workweek by Plaintiff and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek.

**ANSWER:** Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-

paid, non-exempt employees to arrive to work on Defendant's premises and to perform compensable work immediately after "clocking in" via Defendant's electronic timekeeping system for their scheduled shift start times.

**ANSWER:** Defendant denies the allegations in paragraph 46 of the Complaint.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each workday. For example, on any given workday during Plaintiff's employment with Defendant, Plaintiff "clocked in" via Defendant's electronic timekeeping system at approximately 9:55 p.m. for his customary 10:00 p.m. scheduled shift start time and immediately begin performing compensable work, yet Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the beginning of their shifts each workday was to primarily round said employees' actual hours worked and/or work performed forward to said employees' scheduled shift start times. Such a practice was non-neutral and resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for pre-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to perform compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for their scheduled shift end times.

**ANSWER:** Defendant denies the allegations in paragraph 48 of the Complaint.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each workday. For example, on any given workday during Plaintiff's employment with Defendant, Plaintiff "clocked out" via Defendant's electronic timekeeping system at approximately 6:06 a.m. for his customary 6:00 a.m. scheduled shift end time after immediately ceasing compensable work, yet Defendant's compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt employees at the end of their shifts each workday was to primarily round said employees' actual hours worked and/or work performed backwards to said employees' scheduled shift end times. Such a practice resulted in Defendant shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for post-shift hours worked and/or work performed in a similar fashion each workday after "clocking out" via Defendant's electronic timekeeping system, to the detriment of said employees and to the benefit of Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 49 of the Complaint.

50. Further, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant often times simply failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours worked and work performed each workweek at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge, as recorded or reflected via its electronic timekeeping system, including but not limited to at an overtime rate of pay for hours worked in excess of forty (40) in a workweek. For example, during the workweek that comprised March 6, 2022 to March 12, 2022, Plaintiff performed approximately 40.0 hours of work as recorded or reflected via Defendant's electronic timekeeping system, but Defendant

17

compensated Plaintiff for only 29.8 hours of work. Additionally, during the workweek that comprised April 17, 2022 to April 23, 2022, Plaintiff performed approximately 41.25 hours of work as recorded or reflected via Defendant's electronic timekeeping, but Defendant compensated Plaintiff for only 40.0 hours of work. Such a practice in this regard resulted in Defendant failing to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours worked and work performed each workweek, to the detriment of said employees and to the benefit of Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 50 of the Complaint.

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**ANSWER:** Defendant denies the allegations in paragraph 51 of the Complaint.

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein.

**ANSWER:** Defendant denies the allegations in paragraph 52 of the Complaint.

53.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**ANSWER:** Defendant denies the allegations in paragraph 53 of the Complaint.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF

No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each workday.

**ANSWER:** Defendant denies the allegations in paragraph 54 of the Complaint.

55.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each workday and each workweek.

**ANSWER:** Defendant denies the allegations in paragraph 55 of the Complaint.

56.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**ANSWER:** Defendant denies the allegations in paragraph 56 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who used Defendant's electronic timekeeping system to record hours worked or work performed each workweek.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective

treatment, or that they were employed for the full duration of the preceding three years, Defendant admits Plaintiff purports to bring this action on behalf of himself and others for purposes of obtaining relief. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations contained in Paragraph 57 of the Complaint.

58.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Paragraph 58 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees are entitled to overtime pay pursuant to the FLSA during their employment.

59.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees are paid on an hourly basis and entitled to overtime pay pursuant to the FLSA during their employment.

60.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, shaved time from the FLSA Collective's

timesheets for all pre-shift and post-shift hours worked and/or work performed each workday via its electronic timekeeping system, and Defendant simply failed to compensate the FLSA Collective for all hours worked and work performed each workweek as recorded or reflected via its electronic timekeeping system, as described herein. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegations in paragraph 60 of the Complaint.

61. The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**ANSWER:** Paragraph 61 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits Plaintiff is asserting an FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of potential opt-in litigants and that only those who affirmatively opt-in may participate in the lawsuit, but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62. The FLSA Collective claims may be pursued by those who affirmatively opt-in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Paragraph 62 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits Plaintiff is asserting an

FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of potential opt-in litigants and that only those who affirmatively opt-in may participate in the lawsuit, but denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**ANSWER:** Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding three years, Defendant admits Plaintiff purports to bring this action on behalf of himself and others for purposes of obtaining relief. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes

22

Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 65 of the Complaint.

66.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

**ANSWER:** Defendant admits it has the last known contact information for its employees, but denies notice is appropriate, denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**ANSWER:** Defendant denies the allegations in paragraph 67 of the Complaint.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

68.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who used Defendant's electronic timekeeping system to record hours worked or work performed each workweek and who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

**ANSWER:** Without admitting any liability or wrongdoing towards Plaintiff or the individuals he purports to represent, that their claims are appropriate for class or collective treatment, or that they were employed for the full duration of the preceding two years, Defendant admits Plaintiff purports to bring this action on behalf of himself and others for purposes of obtaining relief. Defendant denies the existence of facts or circumstances that would justify this action, denies that it violated the FLSA or WWPCL in any way, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by

means permissible under Fed. R. Civ. P. 23.

**ANSWER:** Defendant admits it has employment records and the last known contact information for its employees, but denies notice is appropriate, denies the existence of facts or circumstances that would justify this action, denies that it owes Plaintiff or the individuals he purports to represent unpaid wages or other damages, and denies that the individuals Plaintiff seeks to represent are similarly situated or that this action can be properly maintained as a collective or class action. Defendant denies the remaining allegations in Paragraph 69 of the Complaint.

70.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

**ANSWER:** Defendant admits it has employed more than 50 different individuals on an hourly basis during the preceding two years, but denies the remaining allegations in paragraph 70 of the Complaint.

71.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**ANSWER:** Defendant denies the allegations in paragraph 71 of the Complaint.

72.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:** Defendant admits the allegations in paragraph 72 of the Complaint as they pertain to Plaintiff's counsel, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to Plaintiff and therefore denies same.

73.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**ANSWER:** Defendant denies the allegations in paragraph 73 of the Complaint.

74.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class

would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:** Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:** Defendant denies the allegations in paragraph 75 of the Complaint.

76. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Class for all work Defendant suffered or permitted them to perform each workday and each workweek; and (4) The nature and extent of class-wide injury and the measure of damages for

the injury.

**ANSWER:** Defendant denies the allegations in paragraph 76 of the Complaint.

77. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER:** Defendant denies the allegations in paragraph 77 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of himself and the FLSA Collective)**

78. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant incorporates by reference as if fully stated herein its responses to all paragraphs set forth above.

79. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

**ANSWER:** Paragraph 79 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, were subject to the FLSA during their employment, but denies each such individual was employed for the full duration of the preceding three years.

80. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**ANSWER:** Paragraph 80 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed individuals, including Plaintiff, on an hourly-paid, non-exempt basis pursuant to the FLSA during their

28

employment, but denies each such individual was employed for the full duration of the preceding three years.

81.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER:** Paragraph 81 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, were its employees pursuant to the FLSA during their employment, but denies each such individual was employed for the full duration of the preceding three years.

82.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practices: (1) shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed; and (2) simply failed to compensate the FLSA Collective for all hours worked and work performed each workweek as recorded or reflected via its electronic timekeeping system, including at an overtime rate of pay for hours worked in excess of forty (40) each workweek. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations in paragraph 83 of the Complaint.

84.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:** Paragraph 84 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits the FLSA regulates the payment of overtime premiums by those subject to its provisions.

85.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:** Paragraph 85 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it is subject to the FLSA.

86.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:** Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:** Paragraph 88 of the Complaint states a legal conclusion to which a response is not required. o the extent a response is required, Defendant admits that successful plaintiffs may recover attorney's fees under the appropriate circumstances, but expressly denies such circumstances are present here.

### SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

89.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant incorporates by reference as if fully stated herein its responses to all paragraphs set forth above.

90.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:** Paragraph 90 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, were its employees pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of

the preceding two years.

91.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:** Paragraph 91 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed individuals, including Plaintiff, on an hourly-paid, non-exempt basis pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

92.     At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Paragraph 92 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed individuals, including Plaintiff, on an hourly-paid, non-exempt basis pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

93.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Paragraph 93 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, these allegations are denied.

94.     At all relevant times, Defendant had common policies, programs, practices,

procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**ANSWER:** Defendant denies the allegations in paragraph 94 of the Complaint.

95.     Throughout the Wisconsin Class Period, Defendant maintained and perpetrated unlawful compensation practices that shaved time from the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each workday and each workweek and that failed to compensate the FLSA Collective for all hours worked and work performed each workweek as recorded or reflected via its electronic timekeeping system, including at an overtime rate of pay for hours worked in excess of forty (40) each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each workday and each workweek at an overtime rate of pay, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 95 of the Complaint.

96.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 96 of the Complaint.

97.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled

to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant admits Plaintiff seeks to recover the damages and relief set forth in paragraph 97 of the Complaint, and that the referenced statute permits successful plaintiffs to recover up to an additional amount as liquidated damages, but expressly denies that circumstances warranting such recovery, relief, and/or damages are present here. Defendant denies the remaining allegations in paragraph 97 of the Complaint.

98. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Defendant admits Plaintiff seeks to recover attorney's fees and costs pursuant to the WWPCL, but expressly denies that circumstances warranting such recovery are present here.

## THIRD CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage
(Plaintiff, on behalf of himself and the Wisconsin Class)

99. Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant incorporates by reference as if fully stated herein its responses to all paragraphs set forth above.

100. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**ANSWER:** Paragraph 100 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits its hourly-paid, non-exempt employees, including Plaintiff, were its employees pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

101. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin

Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**ANSWER:** Paragraph 101 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed individuals, including Plaintiff, on an hourly-paid, non-exempt basis pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

102. At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Paragraph 102 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits it employed individuals, including Plaintiff, on an hourly-paid, non-exempt basis pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

103. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Paragraph 103 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, these allegations are denied.

104. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**ANSWER:** Defendant denies the allegations in paragraph 104 of the Complaint.

105. Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

**ANSWER:** Paragraph 105 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, Defendant admits its employees were entitled to compensation pursuant to the referenced provisions during their employment, but denies each such individual was employed for the full duration of the preceding two years.

106. Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

**ANSWER:** Defendant denies the allegations in paragraph 106 of the Complaint.

107. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated unlawful compensation practices that: (1) shaved time from the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each workday and each workweek; and (2) simply failed to compensate the Wisconsin Class for all hours worked and work performed each workweek as recorded or reflected via its electronic timekeeping system that did not exceed forty (40) in a workweek– resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each workday and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation

for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in paragraph 108 of the Complaint.

109.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant admits Plaintiff seeks to recover the damages and relief set forth in paragraph 109 of the Complaint, and that the referenced statute permits successful plaintiffs to recover up to an additional amount as liquidated damages, but expressly denies that circumstances warranting such recovery, relief, and/or damages are present here. Defendant denies the remaining allegations in paragraph 109 of the Complaint.

110.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Defendant admits Plaintiff seeks to recover attorney's fees and costs pursuant to the WWPCL, but expressly denies that circumstances warranting such recovery are present here.

**REQUEST FOR RELIEF**

Defendant denies any allegations in the Complaint not specifically addressed above. Defendant further denies that Plaintiff is entitled to any of Paragraphs a) through h) of Plaintiff's wherefore paragraph in the Complaint, or any relief or damages whatsoever.

# STATEMENT OF DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. All or part of the time for which Plaintiff and/or the individuals he purports to represent seeks compensation was spent engaged in activities that were not compensable.

2. All or part of the time for which Plaintiff and/or the individuals he purports to represent seeks compensation constitutes gap time for which no recovery is permitted.

3. All or part of the time for which Plaintiff and/or the individuals he purports to represent seeks compensation is barred by the doctrine of *de minimis non curat lex*.

4. Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the doctrine of waiver.

5. Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the doctrine of laches.

6. Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the doctrine of estoppel.

7. Plaintiff's claims and the claims of the individuals he purports to represent are barred for any periods of time during which they were exempt from the overtime and minimum

wage provisions of the FLSA and Wisconsin law due, by way of illustration and not limitation, to their status as bona fide administrative, executive, and/or professional employees.

8.     Plaintiff's claims and the claims of the individuals he purports to represent are barred to the extent they failed to comply with Defendant's policies and procedures requiring them to record all hours worked for payroll purposes, and Defendant did not otherwise know, or have reason to know, that they were performing compensable work activities.

9.     Plaintiff and the individuals he purports to represent are not entitled to recover liquidated damages because any act or omission by Defendant in violation of state or federal law was in good faith, with the belief that it was legal, and the result of an honest misunderstanding, mistake, or reasonable dispute, or other good cause, not the result of obstinate, unjust, or dilatory conduct.

10.     Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if Plaintiff was able to prove an alleged violation of the FLSA, which Defendant expressly denies, any such violation was not willful within the meaning of the FLSA.

11.     Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the applicable statutes of limitation.

12.     Plaintiff cannot satisfy the requirements for a collective action under 29 U.S.C. § 216(b).

13.     Plaintiff cannot satisfy the requirements for a class action under Fed. R. Civ. P 23.

14.     To the extent membership in Plaintiffs' FLSA Collective and/or WWPCL Class depends upon the validity of the putative class members' claims, Plaintiff has plead improper, inappropriate, and impermissible fail-safe classes.

15.     Defendant reserves the right to assert additional defenses of which it becomes aware during the course of discovery and/or investigation of this matter.


Dated this 18th day of October, 2022.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

s/Keith E. Kopplin
Keith E. Kopplin
WI State Bar No. 1044861
keith.kopplin@ogletree.com
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6406
Facsimile: 414.755.8289

**ATTORNEYS FOR DEFENDANT
CORNERSTONE COMPOSITES, INC.**

53424333.v1-OGLETREE