UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MAURICE HARROLD,

        Plaintiff,

    v.                                      Case No. 22-cv-953-pp

CORNERSTONE COMPOSITES, INC.,

        Defendant.
_____

## SCHEDULING ORDER
_____

        The court has reviewed the joint Rule 26(f) plan, and finds the parties' proposed plan acceptable. The court will adopt the parties' proposed schedule in this order.

        The court strongly encourages parties to begin considering settlement early in the case. There are five magistrate judges in the Eastern District—three active and two recalled—all of whom are experienced mediators and who are willing and able to conduct a mediation via videoconference. If the parties decide at any point that they would like to utilize a magistrate judge to facilitate mediation, they may request the appointment of a mediator by either calling chambers—with all parties on the line—or by filing a joint motion or stipulation. The court will refer the case to a magistrate judge as soon as possible after receiving such a request.

        Parties who need a protective order shall use the boilerplate order template located in the appendix to the Eastern District's local rules, available at www.wied.uscourts.gov/local-rules-and-orders. If there is some reason the parties cannot use the boilerplate order or must deviate from the order, they

1

must inform the court in their motion for protective order. The court will not sign protective orders that contain provisions that purport to bind the court to place documents under seal. Seventh Circuit law requires the parties to file a separate motion to seal, and to state cause; it is not sufficient for the parties to state as cause that they have agreed that a document should be sealed because of an agreed protective order.

The court encourages parties to visit the court's home page on the Eastern District web site—www.wied.uscourts.gov/judge/pamela-pepper—for practice tips.

In accordance with the parties' Rule 26(f) plan, the court **ORDERS** the following:

The parties shall exchange their Rule 26(a)(1) disclosures by the end of the day on **December 21, 2022**.

Parties wishing to amend pleadings or join parties without leave of the court shall do so no later than the end of the day on **December 21, 2022**.

The plaintiff shall file a motion for conditional certification under the FLSA no later than the end of the day on **April 5, 2023**.

The parties shall complete all discovery no later than the end of the day on **August 16, 2023**.

A party wishing to file dispositive motions must do so by the end of the day on **September 6, 2023**. The response and reply deadlines mandated by Civil Local Rule 56 shall apply. The parties shall file a joint status report by September 6, 2023 if they choose not to file a dispositive motion.

The plaintiff shall file a motion for final certification under the FLSA and a motion for class certification under Rule 23 and the defendant shall file a motion for decertification of the FLSA conditional collective (if applicable) no

later than the end of the day on **December 13, 2023**. The response and reply deadlines mandated by Civil Local Rule 7 shall apply, except that the non-moving party shall have thirty days to file its opposition.

The court will not set dates for the final pretrial conference or the trial until dispositive motions have been decided.

The court **ORDERS** that when any party files proposed findings of fact, and responses or replies thereto, the party shall e-mail a Word version of those proposed findings to PepperPO@wied.uscourts.gov.

Any documents that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear to have been inadvertently produced or upon notice of the inadvertent production. The recipient of inadvertently produced information will not use that information, in any way, in the prosecution of the recipient's case. The recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege or work-product protection and seek a court order denying it.

Dated in Milwaukee, Wisconsin this 14th day of November, 2022.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**